IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal Action No. 3:11CR214–HEH–02 |
| | ) |
| DEREK LAMAR TOMPKINS, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**
(Granting § 2255 Motion)

Derek Lamar Tompkins, a federal inmate proceeding with counsel, filed this successive 28 U.S.C. § 2255 Motion ("§ 2255 Motion," ECF No. 115) arguing that his firearm conviction is invalid under *Johnson v. United States*, 576 U.S. 591 (2015). The Government has filed an unopposed Motion for Leave to File Out of Time Response. (ECF No. 118.) That Motion (ECF No. 118) will be granted, and the Clerk will be directed to file the Response (ECF No. 118–1). In its Response, the Government concedes that Tompkins is entitled to relief. For the reasons stated below, the § 2255 Motion will be granted.

**I.   PROCEDURAL HISTORY**

On August 16, 2011, Tompkins was charged with: conspiracy to obstruct, delay, and affect, and attempt to obstruct, delay, and affect commerce by robbery by means of actual and threatened force and violence, in violation of 18 U.S.C. § 1951(a) ("conspiracy to commit Hobbs Act robbery") (Count One); and, use, carry, and brandish firearms during and in relation to a crime of violence, to wit, conspiracy to commit Hobbs Act

robberies "as alleged in Count One of this Indictment," in violation of 18 U.S.C. § 924(c). (ECF No. 1, at 1–7.) On November 30, 2011, Tompkins pled guilty to Counts One and Two. (ECF No. 35, at 1.) On March 5, 2012, the Court sentenced Tompkins 240 months on Count One, and 84 months on Count Two to be served consecutively. (J. at 2, ECF No. 72.) Tompkins did not appeal.

On June 23, 2020, counsel filed a motion under § 2255 that was not signed by Tompkins. (ECF No. 104.) The Court directed counsel to obtain a statement from Tompkins under penalty of perjury that he had reviewed the § 2255 motion and that the contents of such motion were true and correct. On June 30, 2020, counsel filed a § 2255 motion that was signed by Tompkins, and that is the operative § 2255 Motion before the Court. (ECF No. 115.) Tomkins argues that his conviction and sentence in Count Two must be vacated in light of *Johnson v. United States*, 576 U.S. 591 (2015). The Government agrees that Tompkins is entitled to relief.

## II. ANALYSIS

In *Johnson v. United States* 135 S. Ct. 2551 (2015), the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act [("ACCA")] violates the Constitution's guarantee of due process." *Id.* at 606.[1] The

---

[1] The ACCA provides that

> [i]n the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . .

2

*Johnson* Court concluded that the way the Residual Clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), defined "violent felony" was unconstitutionally vague because the clause encompassed "conduct that presents a serious potential risk of physical injury to another," which defied clear definition. *Id.* at 596–97 (citation omitted). Subsequently, in *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court held that "*Johnson* announced a substantive rule [of law] that has retroactive effect in cases on collateral review." *Id.* at 1268.

In his § 2255 Motion, Tomkins asserts that after *Johnson*, conspiracy to commit Hobbs Act robbery can no longer qualify as a crime of violence under 18 U.S.C. § 924(c)(3), and thus, his conviction for Count Two must be vacated. As explained below, recent decisions from the Supreme Court and the United States Court of Appeals for the Fourth Circuit support Tompkins's challenge to Count Two where his firearm conviction was predicated upon conspiracy to commit Hobbs Act robbery.

### A. Conspiracy to Commit Hobbs Act Robbery Cannot Serve As a Valid Predicate Crime of Violence for the § 924(c) Charge in Count Two

Title 18 U.S.C. § 924(c)(1)(A) provides for consecutive periods of imprisonment when a defendant uses or carries a firearm in furtherance of a crime of violence. The baseline additional period of imprisonment is five years. 18 U.S.C. § 924(c)(1)(A)(i). If the defendant brandishes the firearm, the additional period of imprisonment increases to

---

18 U.S.C. § 924(e)(1). Under the Residual Clause, the term violent felony had been "defined to include any felony that 'involves conduct that presents a serious potential risk of physical injury to another.'" *Johnson*, 576 U.S. at 593 (quoting 18 U.S.C. § 924(e)(2)(B)).

at least seven years. *Id.* § 924(c)(1)(A)(ii). And, if the defendant discharges the firearm, the additional period of imprisonment increases to at least ten years. *Id.* § 924(c)(1)(A)(iii).

At the time of Tompkins's convictions, the United States could demonstrate that an underlying offense constitutes a crime of violence if it established that the offense is a felony and satisfies one of two requirements. Namely, the statute defined a crime of violence as any felony:

> **(A)** [that] has as an element the use, attempted use, or threatened use of physical force against the person or property of another [(the "Force Clause")], or
> **(B)** that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [(the "Residual Clause")].

*Id.* § 924(c)(3). The Supreme Court recently invalidated the Residual Clause. *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019) (holding that "§ 924(c)(3)(B) is unconstitutionally vague").

A defendant is guilty of Hobbs Act robbery if he or she "obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery . . . or attempts or conspires so to do . . . ." 18 U.S.C. § 1951(a). That statute defines "robbery" as

> the unlawful taking or obtaining of personal property from the person or in the presence of another, against his [or her] will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his [or her] person or property, or property in his [or her] custody or possession, or the person or property of a relative or member of his [or her] family or of anyone in his [or her] company at the time of the taking or obtaining.

*Id.* § 1951(b)(1). The Fourth Circuit recently determined that conspiracy to commit

4

Hobbs Act robbery fails to satisfy the Force Clause. *See United States v. Simms*, 914 F.3d 229 (4th Cir. 2019).

In *Simms*, the defendant pled guilty to conspiracy to commit Hobbs Act robbery and to brandishing a firearm during and in relation to a "crime of violence," but later challenged his brandishing conviction on the theory that Hobbs Act conspiracy could not be considered a "crime of violence" under 18 U.S.C. § 924(c)(3). 914 F.3d at 232–33. Initially, the parties and the Fourth Circuit agreed that,

> conspiracy to commit Hobbs Act robbery—does not categorically qualify as a crime of violence under the [Force Clause], as the United States now concedes. This is so because to convict a defendant of this offense, the Government must prove only that the defendant agreed with another to commit actions that, if realized, would violate the Hobbs Act. Such an agreement does not invariably require the actual, attempted, or threatened use of physical force.

*Id.* at 233–34 (citations to the parties' material omitted). Thereafter, the Fourth Circuit concluded that the Residual Clause of § 924(c) is void for vagueness. *Id.* at 236; *accord Davis*, 139 S. Ct. at 2336 (holding that "§ 924(c)(3)(B) is unconstitutionally vague").

In the wake *Davis* and *Simms*, the Government concedes that conspiracy to commit Hobbs Act robbery cannot serve as valid predicate crime of violence for a § 924(c) charge and agrees that the conviction for Count Two and the 84 month sentence should be vacated. (ECF No. 118–1, at 1.)

### B. Count Two Must Be Vacated

In light of *Davis*'s invalidation of the Residual Clause and the Fourth Circuit's determination in *Simms* that conspiracy to commit Hobbs Act robbery is not a valid predicate violent felony under the Force Clause, Tompkins's conviction in Count Two

5

and resulting 84-month sentence is no longer valid. Accordingly, Tompkins's conviction and sentence on Count Two will be vacated.

### III. CONCLUSION

The Government's Motion for Leave to File Out of Time (ECF No. 118) will be granted, and the Clerk will be directed to file the Response. (ECF No. 118-1). The motion for appointment of counsel (ECF No. 106) will be granted. The § 2255 Motion (ECF No. 115) will be granted. The Clerk will be directed to terminate the unsigned § 2255 motion. (ECF No. 118.) Tompkins's conviction and sentence on Count Two will be vacated. The Clerk will be directed to correct the Judgment in a Criminal Case and remove the conviction and sentence of incarceration for Count Two. In all other respects, the Judgment in a Criminal Case shall remain the same.

An appropriate Order shall accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
SENIOR UNITED STATES DISTRICT JUDGE

Date: Oct. 1, 2020
Richmond, Virginia